EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Ángel M. Venegas González<br><br>Recurrido | Certiorari<br><br>2015 TSPR 101<br><br>193 DPR \_\_\_\_ |

Número del Caso:      CC-2015-419


Fecha: 21 de julio de 2015



Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. Danielle Rivera Moenck
        Procuradora General Auxiliar



Materia: Resolución y Voto Particular Disidente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                    CC-2015-0419

Ángel M. Venegas González

    Recurrido

Sala de Verano integrada por la Juez Asociada señora Rodríguez Rodríguez como su Presidenta, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García

RESOLUCIÓN

San Juan, Puerto Rico, a 21 de julio de 2015

Examinada la *Solicitud de Certiorari* presentada por la parte peticionaria de epígrafe, se provee no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular Disidente.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Ángel M. Venegas González<br><br>Recurrido | CC-2015-0419 | |

Voto Particular Disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 21 de julio de 2015.

La controversia que nos ocupa versa sobre la autenticación de un documento conforme a las Reglas de Evidencia en un procedimiento criminal en el que se le imputa al Sr. Ángel M. Venegas González una violación al artículo 12.005 del *Código Electoral de Puerto Rico para el Siglo XXI*, 16 L.P.R.A. sec. 4235, por el alegado fraude electoral acontecido en las primarias del año 2012 del Partido Nuevo Progresista en el Municipio de Guaynabo. Por entender que el documento presentado por el Ministerio Público constituye una copia certificada de un documento público que, consecuentemente, no requiere evidencia extrínseca de autenticación, estimo que el foro apelativo intermedio erró al determinar que éste no había sido debidamente autenticado. Por los fundamentos que esbozo a continuación, expediría el recurso presentado.

I

El asunto probatorio ante nuestra consideración tiene su origen en la admisión en evidencia, por parte del Tribunal de Primera Instancia, de un documento intitulado *Actualización de Datos del Elector 0410165* del Sr. Ángel M. Venegas González. Según se desprende del expediente, luego de escuchar la prueba presentada y de que se le concediera a la defensa la oportunidad de llevar a cabo un *voir dire*, el foro primario determinó que el Ministerio Público había autenticado el documento en cuestión conforme a los requerimientos de la Regla 901 (B) de las Reglas de Evidencia, 32 L.P.R.A. Ap. VI, R. 901 (B). No obstante, el Tribunal de Apelaciones revocó la resolución del Tribunal de Primera Instancia, mediante sentencia emitida el 23 de abril de 2015. El foro apelativo intermedio fundamentó su dictamen en el hecho de que el Sr. Walter Vélez Martínez, Secretario de la Comisión Estatal de Elecciones, no era un testigo con conocimiento conforme a los preceptos de la Regla 901 (B)(1). El Tribunal de Apelaciones explicó que, a la fecha en que se expidió la certificación del documento, al señor Vélez Martínez no le constaba de su propio y personal conocimiento que éste fuese una copia fiel y exacta del original. *Véase Apéndice*, en la pág. 60. En atención a lo anterior, el Tribunal de Apelaciones concluyó que el foro primario había errado al admitir en evidencia el documento.

Ante el Tribunal de Primera Instancia, el señor Vélez Martínez testificó que el documento que figuraba como Identificación Núm. 7 del Ministerio Público –la *Actualización de Datos del Elector 0410165* del Sr. Ángel M. Venegas González– era una copia fiel y exacta del original que obraba en el expediente digital del archivo de la Comisión Estatal de Elecciones (CEE). Además, el testigo explicó que, a pesar de que no había sido él quien había preparado la actualización de datos, ésta había sido producida por la Junta Especial de Secretaría, cuyos miembros eran representantes de los distintos partidos políticos y quienes habían certificado la integridad del documento. El señor Vélez Martínez indicó en su testimonio que, una vez recibió el documento en el que se hacía constar la actualización de los datos del señor Venegas González, procedió a certificarlo como copia del contenido en el archivo digital. Aclaró, también, que no tiene acceso directo a la información contenida en el archivo digital y que todos los trámites se efectúan mediante la referida Junta. A esos efectos, explicó en detalle el procedimiento que la CEE ha establecido para la certificación de copias de documentos que obran en los archivos y cómo, en el caso del señor Venegas González, este procedimiento había seguido su curso ordinario.

Conforme a los hechos reseñados en la Resolución del Tribunal de Primera Instancia, durante el *voir dire* por parte de la defensa, el señor Vélez Martínez abundó

en el funcionamiento de la Junta y el procedimiento mediante el cual se certifican documentos que reflejan el contenido de los archivos digitales. Así, aclaró, a preguntas relacionadas con su conocimiento personal de la producción de la copia, que el documento no había estado sujeto a un proceso de corroboración, puesto que los integrantes de la Junta unánimemente le entregaron el documento para la certificación correspondiente. Es decir, no hubo discrepancia entre los integrantes de la Junta con relación a la integridad del documento que fue certificado por el señor Vélez Martínez.

Como adelantamos, a pesar del testimonio vertido ante el Tribunal de Primera Instancia por el señor Vélez Martínez con relación a la autenticidad del documento y la oportunidad que se le dio a la defensa de realizar el *voir dire* correspondiente, el Tribunal de Apelaciones decretó la inadmisibilidad de éste, fundamentando su dictamen en una apreciación incorrecta de la naturaleza misma del documento.

## II

Como cuestión de umbral, es preciso aclarar que nos encontramos, propiamente, ante una copia de un documento público certificada por un funcionario del Estado Libre Asociado de Puerto Rico. Esto, conforme a la definición provista por la *Ley de la administración de documentos públicos de Puerto Rico,* la cual establece, en su Artículo 3, que un documento público es

>[T]odo documento que se origine, conserve o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que de conformidad con lo dispuesto en el Artículo 4 de esta ley (3 L.P.R.A. § 1002) se haga conservar que se requiera conservar permanentemente o temporalmente como prueba de las transacciones o por su valor legal. Incluye aquellos producidos de forma electrónica que cumplan con los requisitos establecidos por las leyes y reglamentos.

*Ley de la administración de documentos públicos de Puerto Rico*, Ley Núm. 5 de 8 de diciembre de 1955, 3 L.P.R.A. sec. 1001 (b).

El documento que se presentó como evidencia ante el foro primario es una copia fiel y exacta, según ésta fue certificada por el Secretario de la CEE, del documento público que obra en el expediente digital de dicha entidad gubernamental. Así, el documento original evidentemente satisface lo dispuesto en la última oración de la precitada disposición legal. Es decir, es un documento producido de forma electrónica originado en una dependencia gubernamental como lo es la CEE, que cumple con los requisitos legales y reglamentarios aplicables.

En nuestro ordenamiento probatorio, existen presunciones de autenticidad que relevan al proponente de cierta evidencia de tener que presentar prueba extrínseca que sirva como medio para su debida autenticación.[1] Al establecer estas presunciones

---

[1] Los medios de autenticación, a su vez, están enumerados de manera ilustrativa, no taxativa, en la Regla 901 (B) de Evidencia. Entre ellos, se encuentra la autenticación mediante el testimonio de un declarante con conocimiento de que un documento es, en efecto, lo que se alega que es. *Véase* 32 L.P.R.A. Ap. VI, R. 901 (B)(1). Ese testimonio, sin embargo, no se requiere cuando el tipo de evidencia presentada goza de la autenticación *prima*

probatorias, la Regla 902 dispone que "[n]o se requerirá evidencia extrínseca de autenticación como condición previa a la admisibilidad de . . . documentos públicos bajo sello oficial" cuando éstos contengan el sello oficial de un departamento, agencia pública, corporación pública o funcionario del Estado Libre Asociado de Puerto Rico, entre otros. *Véase* 32 L.R.R.A. Ap. VI, R. 902(B). Asimismo, la Regla 902 (E) establece que no se requerirá evidencia extrínseca de autenticación cuando el documento sea una copia "de un documento archivado en una oficina pública conforme a disposición de ley o reglamento público, . . . si están certificadas como correctas por la persona a cargo de su custodia o por la persona autorizada en ley para expedir este tipo de certificación". 32 L.P.R.A. Ap. VI, R. 902(E). De esta manera, nos explica el profesor Ernesto L. Chiesa, el custodio no tendrá que comparecer para autenticar el documento ni para probar su contenido. *Véase* Ernesto L. Chiesa Aponte, *Reglas de Evidencia de Puerto Rico 2009: Análisis,* en la pág. 302.[2]

Con relación a la autenticación del documento que nos ocupa, es importante señalar que el Artículo 3.013 del *Código Electoral de Puerto Rico para el Siglo XXI,*

---

*facie* que contempla la Regla 902 de las Reglas de Evidencia, 32 L.P.R.A. Ap. VI, R.902.

[2] Nótese que la autenticidad de un documento no implica la veracidad de su contenido. Nos explica el profesor Chiesa que, en lo que atañe a probar la verdad de la información contenida en el escrito, el que se opone a su admisibilidad deberá acudir a la Regla 805(H) pues se trata, propiamente, de un asunto de prueba de referencia y no de autenticidad. *Véase* Chiesa Aponte, *supra,* en la pág. 302.

en sus incisos (f) y (g), otorga expresamente al Secretario de la CEE las facultades de: (1) expedir certificaciones y constancias de los documentos, opiniones y otras determinaciones de la Comisión, y (2) custodiar y mantener adecuadamente ordenados todos los expedientes y documentos de naturaleza electoral. Véase *Código Electoral de Puerto Rico para el Siglo XXI*, 16 L.P.R.A. sec. 4023. Esta disposición legal, en conjunción con lo dispuesto en la Regla 902 de Evidencia, apuntan a la autenticación *prima facie* del documento identificado como *Actualización de Datos del Elector 0410165* del Sr. Ángel M. Venegas González.

Es forzoso concluir, por tanto, que el Tribunal de Apelaciones erró al acudir a la Regla 901 de Evidencia para justificar la inadmisibilidad del documento. A todas luces, lo procedente era prescindir del testimonio del señor Vélez Martínez. Esto, puesto que el documento gozaba de una presunción de autenticidad que hacía innecesaria cualquier prueba extrínseca para determinar su admisibilidad. Ejerciendo las facultades que el *Código Electoral* le confiere al Secretario de la CEE, el señor Vélez Martínez certificó el documento estampándole su firma y el sello de la CEE. Al tratarse de una instancia de autenticación *prima facie* de una copia de un documento público, correspondía a este Foro decretar su admisibilidad atendiendo el recurso presentado. Por tal razón, hubiese declarado el *certiorari* presentado ha lugar, en aras de aclarar la aparente confusión de los foros recurridos con relación a la naturaleza del

documento presentado. Estimo, además, que la particularidad de la controversia que se dilucida ante el foro primario —y sus posibles repercusiones en el funcionamiento de nuestro sistema electoral- ameritaban un análisis minucioso de los principios probatorios aplicables. Lamentablemente, otros miembros de este Tribunal, por fundamentos que no son producto de ese análisis, optan por avalar la exclusión del documento y, mediante esa determinación, dificultar la labor del Ministerio Público en el esclarecimiento de delitos que atentan contra la integridad de nuestro sistema democrático de gobierno.

Anabelle Rodríguez Rodríguez
Juez Asociada
